UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE FLORES,<br><br>        Plaintiff,<br><br>vs.<br><br>J. FITTER, M.D., et al.,<br><br>        Defendants | Case No. 1:14 cv 00336 AWI GSA PC<br><br>ORDER TRANSFERRING THIS ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the August 13, 2014, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the R.J. Donovan Correctional Facility in San Diego, brings this action against correctional officials employed by the CDCR at Lancaster State Prison. Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment prohibition on cruel and unusual punishment.

      Plaintiff sets forth in detail the conduct of Defendants while he was housed at CSP Lancaster. Although Plaintiff makes reference to medical care while he was housed at CSP Corcoran, the bulk of the allegations in the complaint occurred at Lancaster. Lancaster is located in Los Angeles County, in the Central District of California. CSP Corcoran is located in Kings County, in the Eastern District of California.

1

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The decision to transfer venue of a civil action under § 1404(a) lies soundly within the discretion of the trial court. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

Because a substantial part of the events at issue occurred at CSP Lancaster, and because all of the named Defendants are employed at CSP Lancaster, the Court will transfer this case to the Central District. Should Plaintiff desire to proceed against any individuals employed at CSP Corcoran, he should file a separate civil action in this district. Plaintiff is advised that in order to hold an individual defendant liable, he must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

Accordingly, IT IS HEREBY ORDERED that this action is transferred to the United States District Court for the Central District of California.

        IT IS SO ORDERED.

Dated: **January 22, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE