UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSUE FLORES,<br><br>              Plaintiff,<br><br>       v.<br><br>J. FITTER, M.D., ET. AL.,<br><br>              Defendants. | Case No. CV 15-00505-RGK (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

On August 13, 2014, Plaintiff Josue Flores, an inmate at Richard J. Donovan Correctional Facility in San Diego, California, filed a *pro se* first amended complaint ("FAC") pursuant to 42 U.S.C. § 1983. ECF Docket No. ("Dkt.") 16. Although the case was originally filed in the United States District Court for the Eastern District of California, the case was transferred to this district on January 22, 2015. Dkt. 18. For the reasons stated below, the FAC is dismissed with leave to amend.[1]

---

[1] Magistrate Judges may dismiss a complaint with leave to amend without approval of the District Judge. See <u>McKeever v. Block</u>, 932 F.2d 795, 798 (9th

1

# I.

## **ALLEGATIONS OF THE FAC**

The FAC alleges Plaintiff's right to medical care was violated by defendants Fitter, Hernandez, Wu, and Finander – all of whom are alleged to be doctors at the California State Prison in Lancaster, California ("CSP-Lancaster"). FAC at 2-3.

Plaintiff alleges he arrived at CSP-Lancaster on December 28, 2010 at which time he arrived at intake and spoke with defendant Hernandez. Id. at 3. Plaintiff informed defendant Hernandez about his "medical disability," consisting of multiple gun shot wounds to his legs resulting in "extreme pain" to his left leg and lower back. Id. Plaintiff informed defendant Hernandez his medical conditions required "the help of a cane, lower bunk chrono and special shoes." Id. Plaintiff alleges defendant Hernandez told him "he would take care of it." Id. at 4.

Following his initial intake, Plaintiff was placed in administrative segregation where he was put on a bottom bunk. Id. However, once Plaintiff was released to general population, he was placed on a top bunk. Id. Plaintiff, therefore, submitted a "medical slip" and was eventually seen by defendant Fitter. Id. at 4-5.

Plaintiff informed defendant Fitter he had "multiple gun shot wounds" to his legs and that his "leg gives out throughout the day" and "is real[ly] painful." Id. at 5. Plaintiff further told him he had "extreme surgery (sic) to his left leg" and "lower back pain because [his] left leg is shorter then [his] right leg." Id. Plaintiff informed defendant Fitter he had a bullet wedged between his pelvis and femur that causes "shots [of] pain" to his lower back when he sits. Id. Finally, Plaintiff told defendant Fitter he had a "prior lower bunk or lower tier chrono from Los Angeles County Jail." Id. Plaintiff states defendant Fitter examined him by asking him to move his leg and to show him his leg. Id. Defendant Fitter concluded Plaintiff was

---

Cir. 1991).

in good physical health and had "nothing wrong" with him. Id.

Plaintiff subsequently submitted another medical request and was again seen by defendant Fitter. Id. Plaintiff claims he was again denied proper medical care and, therefore "wrote a medical 602HC Appeals form." Id. at 5-6. On the day of Plaintiff's review, he was again seen by defendant Fitter. Id. at 6. Plaintiff states he "told him about everything." Id. Defendant Fitter informed Plaintiff he was in good physical health and there was nothing wrong with him. Defendant Fitter further informed Plaintiff his "chrono from Los Angeles County Jail does not matter" and that his pain was due to being overweight. Id.

Although the timing is unclear, Plaintiff further alleges he put a "CDCR 1824 accommodation request" in to defendant Finander, the chief medical officer. Id. Plaintiff alleges defendant Finander forwarded the form to defendant Fitter resulting in Plaintiff again being seen by defendant Fitter. Id. Plaintiff, once again, told defendant Fitter about his medical problems, and informed him that "climbing up and down the bunk is really putting a lot of pain and pressure [on his] lower back and legs." Id. Defendant Fitter apparently took no action to address Plaintiff's complaints.

A couple days after this meeting with defendant Fitter, Plaintiff put in another medical request and was seen by Dr. Marcelo. Id. at 7. Dr. Marcelo examined Plaintiff, including asking him to stand and running "a couple of test[s]." Id. at 7. Dr. Marcelo gave Plaintiff stronger pain medication and requested a lower bunk chrono, but the request was denied by defendant Finander. Id.

Plaintiff then filed another 602HC Appeals Form and was seen by defendant Wu. Id. He informed defendant Wu of his medical problems. Id. Defendant Wu examined Plaintiff "by sight only." Id. Defendant Wu concluded Plaintiff was in good physical health and prescribed more pain medication. Id. at 7-8.

1    Plaintiff continued to put in medical requests and filed another 602HC
2  Appeals Form. Id. at 8. He was again seen by defendant Fitter and again told he
3  was in good physical health. Id. Plaintiff, thus, continued to put in medical
4  requests until January 3, 2012, but was repeatedly told he was overweight, he was
5  getting what he needed, and he was able to walk 100 yards without assistance. Id.
6    On January 25, 2012, Plaintiff left CSP-Lancaster and was transferred to the
7  California State Prison in Corcoran, California ("CSP-Corcoran"). Id. at 9. The
8  FAC details Plaintiff's efforts to obtain medical care at CSP-Corcoran where he was
9  apparently again denied a lower bunk chrono, although he was provided with pain
10 medication. Id. at 9-12. Ultimately, on July 29, 2013, Plaintiff slipped and fell
11 while trying to climb to his top bunk. Id. at 10-11. He landed on the left side of his
12 pelvis and hit the left side of the back of his head suffering extreme pain. Id. at 11.
13 Plaintiff was taken to Community Regional Medical Center in Fresno, California
14 where tests, including x-rays, a CT-scan and a MRI were performed. Id. at 11-12.
15 Plaintiff claims lingering effects of the fall, including "constant pain," an "inability
16 to move [his] left lower extremity," and "extreme leg weakness." Id. at 13.

## II.

## STANDARD OF REVIEW

19   Complaints such as Plaintiff's are subject to the court's sua sponte review
20 under provisions of the Prison Litigation Reform Act of 1996 ("PLRA"), Pub. L.
21 No. 104-134, 110 Stat. 1321 (1996). See 28 U.S.C. § 1915A(a). The court shall
22 dismiss such a complaint, at any time, if the court finds it (1) is frivolous or
23 malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks
24 monetary relief from a defendant immune from such relief. See 28 U.S.C. §
25 1915(e)(2)(B)(in forma pauperis complaints); 28 U.S.C. § 1915A(b)(prisoner
26 complaints against government defendants); 42 U.S.C. § 1997e(c)(complaints re:

prison conditions); and Lopez v. Smith, 203 F.3d 1122, 1126-27 and n.7 (9th Cir. 2000)(en banc).

The PLRA review for failure to state a claim utilizes the standard applied in reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a claim for relief. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "In deciding such a motion, all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." Id. "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" Johnson v. Riverside Healthcare System, 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)).

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court explained the pleading requirements of Rule 8(a)(2) and the requirements for surviving a Rule 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)(per curiam), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); see also Moss v. U.S. Secret Service, 572 F.3d 962 (9th Cir. 2009).

The pleading standard of Rule 8 does not require "detailed factual allegations." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555); see also Erickson, 551 U.S. at 93; Moss, 572 F.3d at 968. However, a complaint does not meet the pleading standard if it contains merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Iqbal, 558 U.S. at

678 (quoting Twombly, 550 U.S. at 555).

Instead, to comply with the requirements of Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). This plausibility standard is not a probability requirement, but does ask for more than mere possibility; i.e., if a complaint pleads facts "merely consistent with" a theory of liability, it falls short of "the line between possibility and plausibility." Id. (quoting Twombly, 550 U.S. at 557).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

///
///
///
///

# III.

# DISCUSSION

## A. PLAINTIFF FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS AGAINST ANY DEFENDANT

Plaintiff claims defendants failed to provide him adequate medical care. A defendant is liable for the denial or delay of medical care for a prisoner's serious medical needs *only* where the defendant is deliberately indifferent to the prisoner's known serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). There is both an objective and subjective component to an actionable Eighth Amendment claim. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  The objective component requires the inmate to show an "objectively, sufficiently serious harm," meaning that the failure or delay in treatment could result in significant injury. Id. (citation and internal quotations omitted).  The subjective component requires the inmate to show the officials had the culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Id. (citing Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer v. Brennan, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994))). "'Deliberate indifference' is evidenced only when 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Clement, 298 F.3d at 904 (quoting Farmer, 511 U.S. at 837).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  Thus, mere negligence in diagnosing or treating a

medical condition does not violate a prisoner's Eight Amendment rights. Id. Similarly, a difference of medical opinion regarding treatment does not amount to a deliberate indifference to serious medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here, Plaintiff fails to present facts sufficient to establish either the objective or subjective component with respect to any defendant. Thus, the claims against them must be dismissed.

## B. PLAINTIFF SHALL BE GRANTED LEAVE TO AMEND

If the court finds a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). Thus, the FAC will be dismissed with leave to amend.

## IV.
## CONCLUSION

Plaintiff is granted **14 days** from the date of this Order within which to file a Second Amended Complaint ("SAC"). The SAC shall bear the designation "Second Amended Complaint" and the case number assigned to this case ("CV 15-00505-RGK-KK"). The SAC must cure the defects described in this Order. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the original complaint. If Plaintiff files a SAC, his previous complaints will be treated as non-existent. Therefore, the SAC shall not refer in any manner to the previous complaints; **it must be complete in itself and not require any prior knowledge of Plaintiff's case.**

Plaintiff is explicitly cautioned that failure to timely file an SAC, or failure to

correct the deficiencies described above, will result in a recommendation that this action be dismissed with prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

Alternatively, Plaintiff may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal Form is attached for Plaintiff's convenience. The Court warns Plaintiff that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed with prejudice, for failure to prosecute and/or failure to obey court orders.**

IT IS SO ORDERED.

DATED: January 27, 2015

HON. KENLY KIYA KATO
UNITED STATES MAGISTRATE JUDGE

9